**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DAVID WERDELIN, an individual, )<br>)<br>)<br>Plaintiff, )<br>)<br>) **Case No.:**<br>)<br>v. )<br>) **COMPLAINT FOR**<br>) **VIOLATIONS OF THE FAIR**<br>CAVALRY SPV I, LLC, a Delaware ) **DEBT COLLECTION**<br>Limited Liability Company; and ) **PRACTICES ACT ("FDCPA")**<br>BROCK & SCOTT, PLLC., a North ) **AND GEORGIA'S FAIR**<br>Carolina Professional Limited ) **BUSINESS PRACTICES ACT**<br>Liability Company, ) **("FBPA")**<br>)<br>) **JURY TRIAL DEMANDED**<br>Defendants. )<br>) | |

---

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT**
**COLLECTION PRACTICES ACT ("FDCPA") AND GEORGIA'S**
**FAIR BUSINESS PRACTICES ACT ("FBPA")**

COMES NOW David Werdelin, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act, against CAVALRY SPV I, LLC and BROCK & SCOTT, PLLC:

**Introduction**

1.

Plaintiff DAVID WERDLIN, through his undersigned counsel, brings this action against CAVALRY SPV I, LLC and BROCK & SCOTT, PLLC for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§

1692 et seq. ("FDCPA"), as well as Defendant CAVALRY SPV I LLC's violations of Georgia's Fair Business Practices Act, O.C.G.A. 6 10-1-390 et seq. ("FBPA").

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**Jurisdiction and Venue**

4.

This action arises in part out of Defendants' illegal and improper efforts to collect a consumer debt from the Plaintiff, and include multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA").

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337.

2

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and both Defendants are registered as foreign businesses doing business within the State of Georgia who have registered agents in the State of Georgia.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District.

**PARTIES**

8.

Plaintiff DAVID WERDLIN is a natural person who is a resident of DeKalb County, Georgia.

9.

CAVALRY SPV I, LLC ("Cavalry") is a Limited Liability Company organized under the laws of the State of Delaware and doing business in the State of Georgia, and in particular Gwinnett County.

10.

CAVALRY SPV I, LLC has a registered agent in Fulton County, Georgia, named CT Corporation System located at 1201 Peachtree Street, NE, Atlanta, GA 30361, and a principal place of business located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

11.

BROCK & SCOTT, PLLC ("BROCK & SCOTT"), is a North Carolina for-profit professional limited liability company.

12.

BROCK & SCOTT is registered as a foreign corporation doing business in Georgia with a registered agent in Fulton County, Georgia, named C T CORPORATION SYSTEM and is located at 1201 Peachtree Street, NE, Fulton County, Atlanta, GA, 30361.

13.

BROCK & SCOTT's principle office address on the Georgia Secretary of State's website is 4550 Country Club Road, Winston-Salem, NC 27104.

14.

BROCK & SCOTT's principle office address according to North Carolina's Secretary of State's website is 1315 Westbrook Plaza Drive, Suite 100, Winston-Salem, NC 27103.

15.

BROCK & SCOTT'S North Carolina registered agent is CT CORPORATION SYSTEM who is located at 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

16.

Defendant CAVALRY SPV I, LLC is in the business of debt collection.

17.

Defendant CAVALRY SPV I, LLC can be served through its registered agent, C T CORPORATION SYSTEM located at 1201 Peachtree Street, NE, Fulton County, Atlanta, GA, 30361, or by service on an officer or director of the company at its principal place of business located at 7 Skyline Drive, Third Floor, Hawthorne, NY 10532.

18.

Defendant BROCK & SCOTT is in the business of debt collection.

19.

Defendant BROCK & SCOTT may be served through its Georgia registered agent, C T CORPORATION SYSTEM located at 1201 Peachtree Street, NE, Fulton County, Atlanta, GA, 30361.

20.

Defendant BROCK & SCOTT may also be served through an officer or director of the corporation, or one of its attorneys, at 1315 Westbrook Plaza Drive, Winston-Salem, NC 27103, which is the corporate office address from which this corporation operates within the State of North Carolina.

21.

BROCK & SCOTT may also be served through its North Carolina registered agent, CT CORPORATION SYSTEM who is located at 150 FAYETTEVILLE STREET, Box 1011, Raleigh, NC 27601.


**FACTUAL BACKGROUND**

22.

Plaintiff DAVID WERDELIN is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay an alleged debt.

23.

Defendants have attempted to collect an alleged debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt were for primarily personal, family, or household purposes.

24.

Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail.

25.

Defendant CAVALRY SPV I, LLC through its legal representatives at BROCK & SCOTT, filed a lawsuit against Plaintiff DAVID WERDELIN in Gwinnett County Magistrate Court on December 23, 2014.

26.

The lawsuit brought by Defendant CAVALRY SPV I, LLC against Plaintiff became CAVALRY SPV I, LLC v. DAVID WERDELIN, Case No. 14-M-43006, in Gwinnett County Magistrate Court.

27.

The Statement of Claim filed by Defendant BROCK & SCOTT on behalf of Defendant CAVALRY SPV I LLC is attached hereto as **Exhibit A**.

28.

The Statement of Claim filed by Defendant BROCK & SCOTT on behalf of Defendant CAVALRY SPV I LLC is a sworn and verified Statement of Claim.

29.

The Statement of Claim filed by Defendant BROCK & SCOTT on behalf of Defendant CAVALRY SPV I LLC stated that DAVID WERDELIN was a resident of Gwinnett County, Georgia.

30.

Plaintiff is not a resident of Gwinnett County, Georgia, and was not a resident of Gwinnett County, Georgia at the time Defendants filed their verified Statement of Claim in Gwinnett County, Georgia.

31.

Plaintiff is a resident of DeKalb County, Georgia, and was a resident of DeKalb County, Georgia at the time the verified Statement of Claim was filed by Defendants.

32.

Plaintiff was never properly served with the verified Statement of Claim filed by Defendants in Gwinnett County Magistrate Court, but was improperly served a copy of the verified Statement of Claim in DeKalb County, Georgia, on June 6, 2015.

33.

The statute of limitations on Defendant CAVALRY SPV I LLC's claims against Plaintiff DAVID WERDELIN expired prior to Defendant CAVALRY SPV I LLC's improper service of Plaintiff on June 6, 2015.

34.

Defendants did not exercise the greatest possible diligence in attempting to serve the underlying state magistrate court action within the statute of limitations for the claim.

35.

Defendant BROCK & SCOTT and Defendant CAVALRY SPV I LLC did not move to transfer the lawsuit filed in Gwinnett County Magistrate Court to the proper venue for the action, DeKalb County Magistrate Court, after being given notice that Plaintiff DAVID WERDELIN did not live in, and was not served with the lawsuit in, Gwinnett County, Georgia.

36.

Defendant BROCK & SCOTT and Defendant CAVALRY SPV I LLC did not move to transfer the lawsuit filed in Gwinnett County Magistrate Court to the proper venue for the action, DeKalb County Magistrate Court, at any point during the litigation.

37.

On September 24, 2015, Megan K. Jones entered her appearance as legal counsel for Plaintiff in the Gwinnett County Magistrate Court matter.

38.

Plaintiff's counsel of record, Megan K. Jones, attended a default hearing on Plaintiff's behalf on September 24, 2015, and served the attorney appearing for Defendant BROCK & SCOTT on behalf of Defendant CAVALRY SPV I LLC with a Motion to Open Default, Motion to Quash Service, and Motion to Transfer Venue.

39.

Upon information and belief, the lawyer representing Defendant CAVALRY SPV I LLC on behalf of Defendant BROCK & SCOTT was an individual with the name Daniel Greene.

40.

Plaintiff's legal counsel at the default hearing notified the counsel present for Defendants that (1) the lawsuit was not properly served on Plaintiff DAVID WERDELIN, (2) Plaintiff DAVID WERDELIN does not, and did not at the time the lawsuit was filed, live in Gwinnett County, Georgia, and (3) that the statute of limitations on the alleged claim had expired.

41.

Defendants had the opportunity to resolve one or more of the defects in the claims brought against Plaintiff DAVID WERDELIN at this time, but instead chose to continue to prosecute the default judgment hearing and disregarded Plaintiff's attempt to resolve or discuss any of these issues.

42.

Upon being offered a chance to dismiss the untimely, improperly served lawsuit that was filed in the wrong venue, Mr. Daniel Greene, representing Defendant CAVALRY SPV I LLC on behalf of Defendant BROCK & SCOTT, effectively made the following statements: (1) he did not care about the statute of limitations issues, (2) he did not care about the improper service issue, (3) he did not care about the improper venue issue, and (4) (to paraphrase) "it doesn't matter because he would win anyway."

43.

On September 24, 2015, the trial court in Gwinnett County heard oral arguments regarding Plaintiff's motion to quash service, open default, and improper venue filed by Plaintiff.

44.

On September 24, 2015, the trial court granted Plaintiff DAVID WERDELIN's Motion to Quash Service and the order was filed with the clerk of court on September 24, 2015.

45.

Mr. Daniel Greene was incorrect.

46.

Mr. Daniel Greene's refusal to acknowledge the legal issues clearly apparent in the claims brought by Defendants against Plaintiff mattered because they caused Plaintiff DAVID WERDELIN additional actual damages in the form of attorneys' fees, anxiety, and stress.

47.

Mr. Daniel Greene's refusal to acknowledge the legal issues clearly apparent in the claims brought by Defendants against Plaintiff matters because it shows Defendants' willful and intentional efforts to collect an

alleged debt from Plaintiff DAVID WERDELIN that they did not have a right to collect upon.

48.

Plaintiff incurred actual damages to be shown with more particularity at a later date as a result of having to retain legal counsel to represent him at the default hearing in Gwinnett County Magistrate Court, and in the underlying lawsuit filed by Defendant BROCK & SCOTT on behalf of Defendant CAVALRY SPV I LLC.

49.

Plaintiff suffered additional actual damages in the form of anxiety and stress associated with the improper legal action brought against him, and these actual damages will be shown with more particularity at a later date.

50.

Plaintiff, through his legal counsel John William Nelson, sent via overnight FedEx delivery, tracking number 774612851482, a demand letter pursuant to O.C.G.A. § 10-1-399 requesting that Defendant CAVALRY SPV I LLC resolve the damages associated with its violation of Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 et seq. (the "FBPA Anti Litem Letter").

51.

Plaintiff's FBPA Ante Litem Letter was addressed to Defendant CAVALRY SPV I LLC's legal counsel, Defendant BROCK & SCOTT.

52.

Plaintiff's FBPA Ante Litem Letter was received by Defendant BROCK & SCOTT on September 29, 2015, at approximately 9:18 AM, and signed for by an S. Williams.

53.

Defendants have not responded to Plaintiff's FBPA Ante Litem Letter in writing, in email, or over the phone.

54.

More than 30 days have passed since Defendants received Plaintiff's FBPA Ante Litem Letter.

55.

On October 12, 2015, Defendant BROCK & SCOTT, as legal counsel for Defendant CAVALRY SPV I LLC, sent a copy of a signed Voluntary Dismissal to Plaintiff DAVID WERDELIN's legal counsel.

## FIRST CAUSE OF ACTION

## (Violations of the FDCPA by ALL DEFENDANTS)

56.

Based on information and belief, Defendants CAVALRY SPV I, LLC and BROCK & SCOTT, PLLC have violated the Fair Debt Collection Practices Act ("FDCPA").

*Filing And Continuing to Prosecute*
*A Legal Action In The Improper Judicial District*

57.

Defendants willfully and intentionally continued to prosecute an action against Plaintiff DAVID WERDELIN when they knew, or should have known, that Plaintiff did not live in the venue in which the legal action was brought.

58.

Defendants were provided an opportunity to cease prosecuting their case within the improper venue, but instead of choosing to either dismiss the action without prejudice or move to transfer the action to the proper venue, Defendants chose to continue to prosecute an action in the improper venue after given full and complete notice that the action was in the improper venue.

59.

Defendants' actions in continuing to prosecute a legal action against Plaintiff DAVID WERDELIN in the wrong venue was willful and intentional, and done with the purpose of obtaining a judgment against Plaintiff for which Defendants knew they had no right to obtain.

60.

Bringing, and continuing to prosecute, a legal action against a consumer in the wrong venue is a violation of the FDCPA, 15 U.S.C. § 1692i(2).

61.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend against an improper claim, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

62.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Prosecuting a Lawsuit Against A Consumer*
*After the Statute of Limitations Expires*

63.

Defendants continued to prosecute a legal action against Plaintiff DAVID WERDELIN even after having been given notice that the statute of limitation on the action had expired prior to any alleged service of the lawsuit.

64.

Defendants' local appearance counsel, when notified of the statute of limitations issue through the motions provided by Plaintiff's trial counsel, stated that "it doesn't matter because he would win anyway" rather than taking the time to examine whether the case should continue.

65.

Continuing to prosecute a time-barred claim, especially after having been given notice that the claim was time-barred, is a violation of the FDCPA's prohibition against making false and misleading claims as to the legal status of a debt.   Fair Debt Collection Practices Act, 15 U.S.C. § 1962e.

66.

Continuing to prosecute a time-barred claim, especially after having been given notice that the claim was time-barred, is also a violation of the

FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

67.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend against an improper claim, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

68.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Making False and Misleading Statements*
*About the Legal Status of a Debt*

69.

Defendants made repeated false and misleading statements to both Plaintiff and the court in the underlying magistrate court action as part of an ongoing effort to mislead and misstate Defendants' legal rights to collect upon the alleged debt.

70.

Defendant's false and misleading statements to the court that the statute of limitations barring the debt did not matter, that the action was brought within the proper venue, and that the improper service was actually proper service, were willful and intentional and an effort to mislead the court as to the legal status of the debt.

71.

Defendants' actions violate the FDCPA's prohibitions against false or misleading statements about the legal claims they possess over a debt (15 U.S.C. § 1692e)

72.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend against an improper claim, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

73.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Defendants' Unfair and Unconscionable*
*Means of Attempting to Collect A Debt*

74.

Defendants made repeated false and misleading statements to both Plaintiff and the court in the underlying magistrate court action as part of an ongoing effort to mislead and misstate Defendants' legal rights to collect upon the alleged debt.

75.

Defendant's false and misleading statements to the court that the statute of limitations barring the debt did not matter, that the action was brought within the proper venue, and that the improper service was actually proper service, were willful and intentional and an effort to mislead the court as to the legal status of the debt.

76.

Defendants' actions constitute unfair and unconscionable means of collecting a debt in violation of the FDCPA (15 U.S.C. 1692f).

77.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend against an improper claim, caused Plaintiff anxiety and

stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

78.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**SECOND CAUSE OF ACTION**

**(Violations of Georgia's Fair Business Practices Act by Defendant CAVALRY SPV I LLC)**

79.

Based on information and belief, Defendant CAVALRY SPV I LLC has violated Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

80.

Defendant CAVALRY SPV I LLC's actions, through its agent Defendant BROCK & SCOTT, constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and

therefore violate Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A.
§ 10-1-390 et seq.

81.

Defendant CAVALRY SPV I LLC, through its agents, made repeated
false and misleading statements in open court, through its legal counsel, and
to Plaintiff DAVID WERDELIN as well as the trial judge in the underlying
action, as part of an intentional and willful effort to misrepresent the legal
right it had to collect the alleged debt and as part of an unfair and
unconscionable effort to collect an alleged debt in violation of the FDCPA.

82.

Defendant CAVALRY SPV I LLC continued to prosecute a legal
claim beyond the statute of limitations in violation of the FDCPA.

83.

Defendant CAVALRY SPV I LLC continued to prosecute a legal
claim in the incorrect venue in violation of the FDCPA.

84.

Courts have recognized that violations of the Fair Debt Collection
Practices Act ("FDCPA") are also violations of Georgia's Fair Business
Practices Act, O.C.G.A. § 10-1-390 et seq.

85.

Defendant CAVALRY SPV I LLC's action in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature, as Defendant CAVALRY SPV I LLC was given an opportunity to resolve the legal deficiencies in its legal claims but instead chose to continue to seek a judgment for which it had not right to seek at the time.

86.

Defendant CAVALRY SPV I LLC's trial counsel, Mr. Daniel Greene, who was appearing on behalf of Defendant BROCK & SCOTT, went so far as to say his efforts to continue to improperly prosecute the deficient legal claim "did not matter" as he would "win anyway."

87.

The actions of Mr. Daniel Greene, Defendant CAVALRY SPV I LLC's trial counsel in this matter, who appeared on behalf of Defendant BROCK & SCOTT, show the purpose and intent to try and improperly obtain a judgment against Plaintiff DAVID WERDELIN in violation of both the FDCPA and Georgia's FBPA.

88.

After Plaintiff DAVID WERDELIN's legal counsel was able to thwart the intentional efforts of Defendant CAVALRY SPV I LLC, through

its agents, to improperly obtain a judgment against Plaintiff DAVID WERDELIN, legal counsel for Plaintiff DAVID WERDELIN sent a request to Defendant CAVALRY SPV I LLC through its legal counsel, Defendant BROCK & SCOTT, to resolve the damages suffered by Plaintiff DAVID WERDELIN as a result of Defendant CAVALRY SPV I LLC's violations of Georgia's FBPA.

89.

Defendant CAVALRY SPV I LLC failed to respond at all to Plaintiff's request made under O.C.G.A. § 10-1-399, much less within 30 days of receipt of the FBPA Ante Litem Letter from Plaintiff.

90.

Plaintiff DAVID WERDELIN seeks actual damages from Defendant CAVALRY SPV I LLC for the costs of having to retain legal counsel in the underlying Gwinnett County Magistrate Court matter, actual damages for the anxiety and stress suffered by Plaintiff DAVID WERDELIN as a result of Defendant CAVALRY SPV I LLC's actions in violation of the FDCPA and Georgia's FBPA, as well as other actual damages and statutory damages under the FDCPA which may be shown with more particularity at a later date.

91.

Plaintiff DAVID WERDELIN seeks exemplary damages against Defendant CAVALRY SPV I LLC for the intentional and purposeful actions of its agents to continue to prosecute a legal action for which it had no legal right to continue, despite Plaintiff's legal counsel at the trial for the underlying legal matter in Gwinnett County Magistrate Court making it clear that those issues existed and barred recovery.

92.

Plaintiff DAVID WERDELIN further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

## **JURY DEMAND**

93.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)     Find Defendants jointly and severally liable for violations of the Fair Debt Collection Practices Act;

(2)     Find Defendant CAVALRY SPV I, LLC liable for intentional violations of Georgia's Fair Business Practices Act;

(3)     Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations;

(4)     Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(5)     Award Plaintiff exemplary damages against Defendant CAVALRY SPV I LLC in the form of treble damages for the intentional acts of Defendant CAVALRY SPV I LLC in violation of Georgia's Fair Business Practices Act in accordance with O.C.G.A. § 10-1-399(a);

(6)     Award Plaintiffs reasonable attorneys' fees and the cost of this action in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(7)     Award Plaintiff reasonable attorneys' fees and the costs of this action in accordance with O.C.G.A. § 10-1-399(d);

(8)     Award Plaintiff the reasonable costs of this action;

(9)     Award Plaintiff other expenses of litigation;

(10)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.


Respectfully submitted this 3rd day of DECEMBER, 2015.

                              /s/ John William Nelson
                              John William Nelson
                              State Bar No. 920108
                              Megan K. Jones
                              State Bar No. 964376
                              *Attorneys for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765
*Attorneys for Plaintiff*